NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000728
29-DEC-2015
08:34 AM

NO. CAAP-15-0000728

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DENNIS SCOTT FLORER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0229)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal by Defendant-Appellant Dennis Florer (Appellant) from the Order Granting Defendant's Motion to Withdraw Jury Demand and Remand This Case Back to District Court (Order), filed on September 30, 2015 in the Circuit Court of the First Circuit.

This is a second appeal by Appellant from the waiver of his right to a jury trial and claim that HRPP Rule 48(b) is unconstitutional.

"In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted).

Under HRS § 641-11, "[a]ny party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602 in the manner and within the time provided by the rules of the court." HRS § 641-11 (emphasis added). Under the express language of HRS § 641-11, "[t]he sentence of the court in a criminal case shall be the judgment." Id. (emphasis added). Based on this language, the Supreme Court of Hawai'i has consistently held that, in the absence of a sentence, there is no appealable judgment under HRS § 641-11. State v. Ferreira, 54 Haw. 485, 487, 510 P.2d 88, 89 (1973) (Where a judgment of conviction does not include a sentence, then, under HRS § 641-11, "for purposes of appeal, we are of the opinion that the judgment entered in this case is not a final judgment conferring appellate jurisdiction on this court." (Footnote omitted)); State v. Johnston, 63 Haw. 9, 11, 619 P.2d 1076, 1077 (1980) ("In the instant case, appellant brought this appeal from the First Circuit Court's order denying his motion to dismiss the indictment. We hold that such an order is interlocutory and is not a final order or judgment. It is therefore not one that is appealable under HRS § 641-11."); State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) ("There having been no

conviction and sentence in this case, there can be no appeal under HRS § 641-11 from the ... order granting Defendant's plea deferral.").

Based on the record on appeal, Appellant has not yet been tried, convicted, or sentenced for any crime. Neither does the Order represent a collateral order of the type recognized as an exception to the requirement of a final judgment. Therefore, there is no appealable judgment.

Therefore,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction. The Motion to Dismiss (**dkt# 12**) by the State of Hawai'i, filed on December 2, 2015, is denied as moot.

DATED: Honolulu, Hawai'i, December 29, 2015.

Chief Judge

Associate Judge

Associate Judge